OPINION
{¶ 1} Defendant-appellant Orlando Johnson ("Johnson") brings this appeal from the judgment of the Court of Common Pleas of Shelby County finding him guilty of aggravated robbery and sentencing him to a prison term of eight years. For the reasons set forth below, the judgment is affirmed.
 {¶ 2} On May 11, 2006, the Gas America Station in Sidney, Ohio was robbed. Two people entered the convenience store, held a knife to the clerk, and ordered her to empty the registers. Jan. 17, 2008, Tr. 74. After the robbers left, the clerk pushed the emergency button, locked the doors, and called 9-1-1. Id. at 75. Eventually, the police learned that Johnson may have been involved in the robbery. On October 5, 2007, the grand jury issued an indictment charging Johnson with one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first degree felony.
 {¶ 3} On January 17, 2008, a trial was held on the charge. The State presented three witnesses: 1) the clerk who was robbed, 2) Lacosta Poore ("Poore"), and 3) Terra Jess ("Jess"). At the conclusion of the State's case, Johnson moved for a judgment of acquittal which was overruled. Johnson then rested without presenting any evidence and again requested a judgment of acquittal. The trial court again overruled Johnson's motion. The case was submitted to the jury which returned a guilty verdict. On February 20, 2008, the *Page 3 
trial court sentenced Johnson to a prison term of eight years. This sentence was ordered to be served consecutive to the sentence Johnson was then serving for a previous offense in a different county. Johnson appeals from his conviction and raises the following assignment of error.
 The trial court violated [Johnson's] right to due process and a fair trial when it entered a judgment of conviction for aggravated robbery, which was against the manifest weight of the evidence.
 {¶ 4} The sole assignment of error raised by Johnson argues that the judgment was against the manifest weight of the evidence.
 Under a manifest-weight standard, an appellate court sits as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony. * * * The appellate court, "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.'"
State v. Jackson, 169 Ohio App.3d 440, 2006-Ohio-6059, ¶ 14,863 N.E.2d 223 (citations omitted). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. State v. Thompkins (1997), 78 Ohio St.3d 380, 387,687 N.E.2d 514. Although the appellate court may act as a thirteenth juror, it should still give due deference to the findings made by the fact-finder. *Page 4 
 The fact-finder * * * occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.
State v. Thompson (1998), 127 Ohio App.3d 511, 529, 713 N.E.2d 456.
 {¶ 5} Johnson argues in this case that the only evidence connecting him to the robbery was the testimony of Poore and Jess. Poore was Johnson's accomplice in the robbery and received a plea agreement reducing her charge from aggravated robbery to attempted robbery and a sentencing recommendation of community control in exchange for her testimony. Jess also received a charge reduction in an unrelated matter in exchange for her testimony. Thus, Johnson claims that the testimony is suspect.
 {¶ 6} Whatever the motives for the testimony, the fact remains that Poore and Jess both testified that Johnson committed the robbery. Their motives for testifying are questions of credibility to be determined by the jury. State ex rel. Wise v. Chand (1970), 21 Ohio St.2d 113,256 N.E.2d 613. Additionally, the State presented the testimony of the clerk who identified the robbers as two black individuals and identified the surveillance video and photos taken from the security cameras in the store. Some of the photos clearly showed the profile of *Page 5 
one of the robbers. State's Ex. 1. Given the testimony of the clerk, Poore, and Jess, as well as the corroborating video and the photos of the robbery, this court does not find that the jury clearly lost its way or that a manifest injustice occurred. The judgment is not against the manifest weight of the evidence. The assignment of error is overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Shelby County is affirmed.
Judgment Affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1